# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY RUTLEDGE, ) | |
|             Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:14-cv-110-LJM-DKL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|             Respondent. ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Anthony Rutledge ("Mr. Rutledge") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. The § 2255 Motion

*Background*

In March of 2009, a complaint was filed charging Mr. Rutledge with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) in 1:09-cr-0049-LJM-KPF-1. A jury found him guilty of the charge in February of 2010, but on appeal, the Seventh Circuit Court of Appeals held that the district court failed to make adequate findings with respect to Mr. Rutledge's challenge under *Batson v. Kentucky,* 476 U.S. 79 (1986) and remanded the case to allow the district court to "make findings on the issues we have identified. If the passage of time precludes the district court from making such findings, or if it finds that the prosecutor's reasons are not credible, it must vacate Rutledge's conviction." *United States v. Rutledge,* 648 F.3d 555,

562 (7th Cir. 2011). On October 4, 2011, the Court vacated Mr. Rutledge's conviction and reset the matter for trial.

On February 8, 2012, Mr. Rutledge filed a petition to enter a plea of guilty and a plea agreement pursuant to Rule 11(c)(1)(C) of the *Federal Rules of Criminal Procedure.* On March 5, 2012, the Court conducted a hearing on Mr. Rutledge's petition to enter a plea of guilty. At the hearing, the Court advised Mr. Rutledge of his rights and heard the factual basis for the plea. The Court determined that the plea was voluntarily and knowingly made. The Court accepted Mr. Rutledge's plea of guilty and adjudged him guilty as charged.

A sentencing hearing was held on the same day. The Court sentenced Mr. Rutledge to a term of 195 months in prison, to be followed by five years of supervised release. Judgment was entered on the docket on March 15, 2012.

Complying with the terms of the plea agreement, Mr. Rutledge did not appeal his conviction or sentence. On January 23, 2014, Mr. Rutledge filed his motion for relief pursuant to 28 U.S.C. § 2255. His motion was placed in the prison mail system on January 20, 2014.

*Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In his § 2255 motion, Mr. Rutledge asserts that his sentence is illegal because one of his three prior convictions, attempted residential entry, should not have qualified him as an Armed Career Criminal. He argues that counsel was ineffective by not challenging the prior conviction of attempted residential entry and for not filing a notice of appeal challenging his sentence. The United States argues that Mr. Rutledge's § 2255 motion is time-barred and barred by the waiver of post-conviction relief rights found in the written plea agreement.

*Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from "the date on which the judgment of conviction becomes final." *Id.* A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003). As noted, the judgment of conviction was entered on the clerk's docket on March 15, 2012. Mr. Rutledge's conviction became final on March 29, 2012. Using the one-year period from the date on which the judgment of conviction became final, Mr. Rutledge's present motion would have to have been filed by March 29, 2013, to be timely. Applying the prison mailbox rule, *see Houston v. Lack,* 487 U.S. 266, 271 (1988), Mr. Rutledge's § 2255 motion can be considered to have been filed on the date he placed the motion in the prison mail system, which was January 20, 2014. That date was almost ten months after the § 2255(f)(1) statute of limitations period expired. Mr. Rutledge's motion is time-barred, unless he can show that another provision of § 2255(f) applies.

Mr. Rutledge acknowledges that his § 2255 motion was not timely filed under § 2255(f)(1). He appears to argue instead that § 2255(f)(3) applies. That subsection provides that the one year limitation runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Mr. Rutledge contends that his motion is timely "[d]ue to the retroactive application of *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *McQuiggin v. Perkins,* (No. 12-126) (S.Ct. May 28, 2013)…." He contends that these cases held that if actual innocence is proven, it serves as a gateway through which a petitioner may pass even if the AEDPA statute of limitations has

expired. Dkt. 1, pg. 12. The *Descamps* decision provides Mr. Rutledge no basis for relief, however, because the Supreme Court has not made *Descamps* retroactive on collateral review. *Groves v. United States,* 755 F.3d 588, 593 (7th Cir. 2014); *see also In re Jackson,* 776 F.3d 292, 296 (5th Cir. 2015) ("Nothing in *Descamps* indicates that its holding announced a new rule that was constitutionally based, and *Descamps* did not announce that its holding applied retroactively to cases on collateral review."). *McQuiggin v. Perkins,* 133 S.Ct. 1924 (2013) holds that there is an actual innocence exception to AEDPA's one-year statute of limitations in habeas cases brought under 28 U.S.C. § 2254, but only under extraordinary equitable circumstances. *McQuiggin* is limited to "an untimely first federal habeas petition alleging a gateway actual-innocence claim." *Id.* at 1934. *McQuiggin* requires that a claim of actual innocence meet the "demanding" standard of *Schlup v. Delo,* 115 S.Ct. 851 (1995). *Id.* at 1936. The Court did not announce that *McQuiggin* was a new and retroactively-applicable right. *See Stewart v. United States,* No. 15-cv-73-JPS, 2015 WL 477226 (E.D.Wis. Feb. 5, 2015); *Thomas v. Cross,* No. 14-cv-01103-DRH, 2014 WL 5849093 (S.D.Ill. Nov. 12, 2014) (the Supreme Court has not declared *McQuiggin* to be retroactive). As discussed further below, even if *McQuiggin* were retroactively applicable, Mr. Rutledge has not shown that he is actually innocent. Moreover, Mr. Rutledge's claim is actually based on the holding in *Begay v. United States,* 553 U.S. 137 (2008), which relates to what crimes constitute violent felonies. None of these cases render Mr. Rutledge's § 2255 motion timely.

"The law is full of deadlines, and delay can lead to forfeiture." *Gross v. Town of Cicero, Illinois,* 528 F.3d 498, 500 (7th Cir. 2008). In this case, the deadline to file a motion pursuant to 28 U.S.C. § 2255 passed before Mr. Rutledge filed his motion. Mr. Rutledge's § 2255 motion is time-barred.

*Waiver*

The United States also argues that Mr. Rutledge's § 2255 motion is barred by the waiver of post-conviction relief rights found in the written plea agreement.

The plea agreement provided that if the Court accepted the plea agreement and sentenced Mr. Rutledge to a term of imprisonment between 188 and 235 months, he "expressly waives his right to appeal the conviction and sentence imposed in this case on any ground, . . . [and] also expressly agrees not to contest his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under Title 28, United States Code, Section 2255, except that the parties specifically agree that in the event that one or more of the predicate convictions relied upon in applying the Armed Career Criminal Act to the defendant is vacated by judicial decree, the defendant has reserved the right to pursue appeal and/or post-conviction action, including an action under 28 U.S.C. § 2255, in regard to his sentencing under the Armed Career Criminal Act." Plea Agreement ¶ 11. In accordance with the terms of the plea agreement, the waiver provision would not apply if one of Mr. Rutledge's predicate convictions were vacated, however, he does not allege that that has occurred.

The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) "the plea agreement was involuntary," 2) "the district court relied on a constitutionally impermissible factor (such as race)," 3) "the sentence exceeded the statutory maximum," or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *see also United States v. Smith*,

759 F.3d 702, (7th Cir. 2014) (rejecting a "patent" ineffectiveness of counsel exception to plea waivers); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver"). "When the defendant pursuant to the plea agreement has knowingly and voluntarily waived his appellate rights, and the terms of that wavier are express and unambiguous, we will enforce those terms." *Smith,* 759 F.3d at 706.

In *Mason,* 211 F.3d at 1069, the court suggested the following analysis in determining whether a claim has been waived: "[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Id.* Mr. Rutledge challenges his sentence and the manner in which it was determined. He argues that trial counsel was ineffective for failing to investigate and challenge the underlying attempted residential entry conviction, one of the three which resulted in him being adjudged an Armed Career Criminal. Mr. Rutledge has not argued, much less shown, that his plea agreement was not knowingly and voluntarily made. In addition, he has not asserted or shown any ineffective assistance of counsel with respect to negotiating the plea agreement. "[H]owever clear a sentencing error the defendant believes the district court to have committed, or however obvious an error he believes his counsel committed in not objecting to the court's sentencing decision, when the defendant has knowingly and voluntarily waived his right to appeal such errors, the obviousness of the error does not support overlooking the waiver." *Smith*, 759 F.3d at 708.

Moreover, even if his claim were not subject to the waiver provision in the plea agreement, which it is, and even if it were not time-barred, Mr. Rutledge has not shown that counsel was ineffective for not having challenged the conviction of attempted residential entry as a predicate violent felony pursuant to 18 U.S.C. § 924(e). In the Indiana case, the charging document alleged that Mr. Rutledge "did attempt to commit the crime of Residential Entry, which is to knowingly break and enter the dwelling of…another person, by…kicking at the entry door to said dwelling in order to obtain entry…" Mr. Rutledge's argument is foreclosed by the Seventh Circuit's decision in *United States v. Hampton,* 585 F.3d 1033, 1043-44 (7th Cir. 2009), holding that the crime of residential entry in Indiana met the definition of a "violent felony" within the meaning of the ACCA. Mr. Rutledge argues that "attempted" residential entry is different than "residential entry" for purposes of the ACCA. He has failed to consider, however, whether the attempted offense involved conduct that presented "a serious potential risk of physical injury to another" under 18 U.S.C. § 924(e)(2)(B)(ii). *See James v. United States,* 550 U.S. 192, 202-04 (2007) (attempted burglary under Florida law fell within the ACCA's residual provision for crimes that "otherwise involv[e] conduct that presents a serious potential risk of physical injury to another" because attempted burglary poses the same risk of the possibility of a face to face confrontation between the burglar and a third party as posed by a burglary) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). In sum, Mr. Rutledge has not shown any deficient performance on the part of counsel.

"We have repeatedly held that a voluntary and knowing waiver of an appeal [and § 2255 challenge] is valid and must be enforced." *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011) (internal quotation omitted). "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United*

*States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001) (internal quotation omitted). Mr. Rutledge has not met that burden.

Accordingly, the waiver provision is valid and will be enforced. Mr. Rutledge's § 2255 motion is barred by the waiver provision of his plea agreement.

*Conclusion*

The foregoing circumstances show that Mr. Rutledge is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:09-cr-0049-LJM-KPF-1.**

**II. Certificate of Appealability**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Mr. Rutledge has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 03/30/2015

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Electronically registered counsel

Anthony Rutledge
09183-028
Terre Haute – FCI
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808