UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:09-cr-0049-TWP-MJD |
| | ) | |
| ANTHONY RUTLEDGE, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable

Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petition for

Warrant or Summons for Offender Under Supervision ("Petition") filed on January 10, 2017, and

a supplemental petition filed on March 27, 2017, and to submit proposed Findings of Facts and

Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were

held on May 11, 2018, in accordance with Rule 32.1 of the *Federal Rules of Criminal

Procedure*.[1]

On May 11, 2018, defendant Anthony Rutledge appeared in person with his appointed

counsel, William Dazey. The government appeared by Kristina Korobov, Assistant United

States Attorney. The United States Probation Office ("USPO") appeared by Officer Chris

Dougherty, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The court advised Mr. Rutledge of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.

2.      A copy of the Petition was provided to Mr. Rutledge and his counsel, who informed the court they had reviewed the Petition and that Mr. Rutledge understood the violations alleged.  Mr. Rutledge waived further reading of the Petition.

3.      The court advised Mr. Rutledge of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition.  Mr. Rutledge was advised of the rights he would have at a preliminary hearing.  Mr. Rutledge stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.  Mr. Rutledge orally waived his right to the preliminary hearing.

4.      The court advised Mr. Rutledge of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5.      Mr. Rutledge, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4, and 5 set forth in the Petition as follows:

**Violation
Number**          **Nature of Noncompliance**

**1**      **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."**

Anthony Rutledge appears to have absconded from his term of supervised release. This officer last had personal contact with the offender on December 6, 2016. On January 3, 2017, this officer spoke with the offender and directed him to report to the office, and he verbally indicated he would report, however, he never reported to the office. Since that time, this officer has made numerous phone calls to the offender's cell phone and left numerous voicemail messages directing him to report. This officer attempted to locate the offender at his last reported residence on January 5, 2017, and spoke to his sister. She stated she had not seen her brother "in days" and had no idea where to locate him. A letter was left for the offender which directed him to report to the probation office the next day. A similar voicemail message was left on his cell phone. To date, there has been no further contact with the offender and his whereabouts are unknown.

**2**      **"The defendant shall refrain from any unlawful use of a controlled substance."**

Anthony Rutledge has submitted six positive urine screens: November 14, 2016, positive for marijuana; November 21, 2016, positive for marijuana; December 1, 2016, positive for marijuana; December 5, 2016, positive for marijuana and methamphetamine; December 15, 2016, positive for marijuana; and December 19, 2016, positive for marijuana.

On November 21, 2016, the offender admitted he smoked marijuana to produce the first positive screen. He reported smoking two "blunts" on November 10, 2016, and claimed he ceased smoking after that date. His last positive screen on December 19, 2016, occurred more than 39 days after he claimed he ceased drug use.

**3**      **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than eight drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."**

The offender failed to report for two random urine drug screens on November 20, 2016, and on January 8, 2017.

**4**      **"You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment."**

The offender has been unemployed since October 18, 2016, when he quit his job at Recycle Force. The offender has been directed to attend an employment readiness program for which he has failed to comply.

5          **"The defendant shall not commit another federal, state, or local crime."**

**"The defendant shall not possess a controlled substance and shall refrain from any unlawful use of a controlled substance."**

On March 21, 2017, an Indianapolis Metropolitan Police officer stopped a vehicle for several traffic violations. The driver and only occupant of the vehicle was Anthony Rutledge, who was driving without a valid driver's license. The officer discovered the offender had an open federal warrant for his arrest for a violation of supervised release. After the offender was handcuffed, the officer located a baggie in the vehicle, in plain view, which contained cocaine.

Anthony Rutledge was charged with Possession of a Controlled Substance, a felony. This case was filed under cause number 49G201703MC010672, and is pending in Marion County Superior Court #20.

6.     The court asked Mr. Rutledge a series of questions to ensure that his decision to waive hearing and admit the alleged violations was knowing and voluntary. The court then placed Mr. Rutledge under oath and directly inquired of Mr. Rutledge whether he admitted Violation Numbers 1, 2, 3, 4, and 5 of his supervised release set forth above. Mr. Rutledge admitted the violations as set forth above.

7.     The parties and the USPO further stipulated:

(a)     The highest grade of Violation (Violation 2 and 5) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

(b)     Mr. Rutledge's criminal history category is VI.

(c)     The range of imprisonment applicable upon revocation of Mr. Rutledge's supervised release, therefore, is 21 - 24 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9.     The government argued for a sentence within the guideline range with no supervised release to follow. Defendant argued for a sentence below the guideline range.

4

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, ANTHONY RUTLEDGE, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with no supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Rutledge stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Rutledge entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Rutledge's supervised release, imposing a sentence of imprisonment of eighteen (18) months with no supervised release to follow. The defendant is to

be taken into immediate custody pending the district court's action on this Report and

Recommendation

IT IS SO RECOMMENDED.

Date: 6/5/2018

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office